**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| BENJAMIN PEREZ and BOBBY MILTON,<br><br>Plaintiffs,<br><br>vs.<br><br>The CITY OF CHICAGO, Illinois, a municipal corporation, and Chicago Police Officers Capt. KEVIN NAVARRO (#45), ALEJANDRO CABRAL (#4845), GIA CZUBAK (#16728) DEL PEARSON (#16462) MICHAEL MALECKI (#10075), STEVEN CARROLL (#12236), JEFFREY COLLADO (#19285), ROBERT HERNANDEZ (#5655) and JEFFREY FRAHM (#5904)<br><br>Defendants. | ) | 12 CV 4340<br><br>Judge<br><br>Magistrate Judge |

**COMPLAINT**

Plaintiffs, BENJAMIM PEREZ and BOBBY MILTON, through one of their attorneys, Torreya L. Hamilton, make the following complaint against the Defendants The CITY OF CHICAGO (Defendant CITY), and Chicago Police Captain KEVIN NAVARRO (Defendant CAPTAIN), and Chicago Police Officers ALEJANDRO CABRAL, GIA CZUBAK, DEL PEARSON, MICHAEL MALECKI, STEVEN CARROLL, JEFFREY COLLADO, ROBERT HERNANDEZ, and JEFFREY FRAHM (Defendant OFFICERS):

**JURISDICTION and VENUE**

1. This is an action brought pursuant to 42 U.S.C. Sec. 1983 to address the deprivation, under color of law, of the Plaintiffs' rights under the United States Constitution and under the common law of Illinois.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. Sec. 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. Sec. 1391(b). All parties reside in this judicial district and the events pertaining to the claims made in this complaint occurred within this district.

**PARTIES**

4. Plaintiff BENJAMIN PEREZ is a 28 year-old truck driver who is employed by the City of Chicago. He resides in Chicago, Illinois.

5. Plaintiff BOBBY MILTON is a 37 year-old hair stylist who resides in Plainfield, Illinois.

6. At all relevant times, Defendant CAPTAIN and Defendant OFFICERS were Chicago police officers employed by the Defendant CITY, acting under color of law and within the scope of their employment.

7. Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at all relevant times was the employer and principal of the Defendant OFFICERS.

**FACTS**

8. In the early morning hours of August 30, 2011, Plaintiffs were outside talking with some of their friends on the 8500 block of South Chicago, in Chicago, Illinois.

9. A friend of Plaintiffs drove past the group on a motorcycle, travelling in the appropriate lane of traffic, and heading southbound on South Chicago Avenue.

10. At the same time, Defendant CAPTAIN was driving a marked Chicago Police Department vehicle, an SUV, northbound on South Chicago Avenue in the wrong lane of traffic, heading northbound in the southbound lane.

11. Defendant CAPTAIN drove his police vehicle into Plaintiffs' friend who was travelling southbound on his motorcycle, causing Plaintiffs' friend to suffer serious injury.

12. Plaintiffs and several other people witnessed the collision between Defendant CAPTAIN'S police vehicle and the motorcycle.

13. Numerous Chicago police officers, including Defendant OFFICERS, arrived shortly after the collision.

14. Defendant OFFICERS observed Plaintiffs using their cell phones to record the collision scene, and immediately took Plaintiff PEREZ's cell phone and placed handcuffs on him, taking him into custody even though PEREZ was not doing anything illegal.

15. Defendant OFFICERS placed PEREZ in the back of a police car and demanded that PEREZ show them how to delete the photographs he had taken with his cell phone.

16. After Plaintiff PEREZ was taken into custody, Plaintiff MILTON, who had also been using his cell phone to record the scene, was seated on his motorcycle, when Defendant FRAHM and HERNANDEZ approached him.

17. Defendants FRAHM and HERNANDEZ grabbed Plaintiff MILTON, forced him off of his motorcycle, and threw him to the ground.

18. Defendants FRAHM and HERNANDEZ placed Plaintiff MILTON in handcuffs, and then took him to a police car as well.

19. Plaintiffs were both taken to the Chicago Police Department's Fourth district station.

20. While at the police station, Defendant OFFICERS demanded that Plaintiff PEREZ provide them with the password to his cell phone, so that they could delete the pictures he had taken at the scene of the collision.

21. Defendant OFFICERS told Plaintiff PEREZ that if he did not give them the password to his phone, he would be charged with a felony offense.

22. Plaintiff PEREZ gave them the password, and Defendant OFFICERS then deleted the pictures of the scene of the collision from Plaintiff PEREZ'S cellphone.

23. While at the station, Defendant OFFICERs also strip searched Plaintiff PEREZ, in an apparent effort to see if he had any other cameras or recording devices on his person.

24. Defendant OFFICERS also demanded that Plaintiff MILTON give them the password for his cellular telephone.
25. However, Plaintiff MILTON refused to do so.
26. Defendant OFFICERS tried, unsuccessfully, to delete a video recording that Plaintiff MILTON had made at the scene of the collision.
27. Defendant CAPTAIN signed a misdemeanor complaint falsely accusing Plaintiff PEREZ of committing the offense of simple assault upon him.
28. Defendant FRAHM signed two misdemeanor complaints against Plaintiff MILTON, falsely accusing him of the crimes of simple battery and resisting arrest.
29. Defendant OFFICERS also wrote false police reports concerning the circumstances of Plaintiffs' arrests.
30. Plaintiffs were released from custody the next day after spending several hours in custody.
31. Plaintiffs had to hire a criminal defense attorney to represent them in the criminal case that resulted from the false charges placed against them by Defendant CAPTAIN and DEFENDANT OFFICERS.
32. Plaintiffs both had to stand trial on the false charges Defendant CAPTAIN and Defendant OFFICERS placed against them, and they were both acquitted on all charges.

**COUNT I**

(42 U.S.C. Sec. 1983 – Unlawful Seizure/False Arrest, Plaintiff PEREZ)

33. Each of the foregoing paragraphs is incorporated as if fully restated here.
34. As described above, Defendant CAPTAIN and Defendant OFFICERS either arrested Plaintiff PEREZ, or caused him to be arrested, without a warrant, without probable cause, and without any other legal justification. Defendant CAPTAIN and Defendant OFFICERS ' actions were

objectively in this regard were unreasonable and in violation of the Fourth Amendment to the United States Constitution.

35. One or more of the Individual Defendants were aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent their misconduct and the damages suffered by Plaintiff PEREZ, but failed to do so.

36. As a direct and proximate result of the unlawful seizure of Plaintiff PEREZ, he suffered damages, which will be proven at trial.

**WHEREFORE,** Plaintiff PEREZ prays for a judgment against Defendant CAPTAIN and Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff PEREZ for his damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT II**

(42 U.S.C. Sec. 1983 – Unlawful Seizure/False Arrest, Plaintiff MILTON)

37. Each of the preceding paragraphs is incorporated as if fully restated here.

38. As described above, Defendant OFFICERS arrested Plaintiff MILTON without a warrant, without probable cause, and without any other legal justification. Defendant OFFICERS' actions in this regard were objectively unreasonable and in violation of the Fourth Amendment to the United States Constitution.

39. One or more Defendant OFFICERS were aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent their misconduct and the damages suffered by Plaintiff MILTON, but failed to do so.

40. As a direct and proximate result of the unlawful seizure of Plaintiff MILTON, he suffered damages, which will be proven at trial.

**WHEREFORE,** Plaintiff MILTON prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiff MILTON for his damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT III**
(42 U.S.C. § 1983 - Excessive Force-Plaintiff MILTON)

41. Each of the preceding paragraphs is incorporated as if fully restated here.

42. As described above, the intentional conduct of the Defendants FRAHM and HERNANDEZ toward Plaintiff MILTON was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth Amendment and Fourteenth Amendments to the United States Constitution.

43. As a direct and proximate result of Defendants FRAHM and HERNANDEZ excessive use of force, the Plaintiff MILTON suffered damages, which will be proven at trial.

**WHEREFORE,** Plaintiff MILTON prays for a judgment against Defendants FRAHM and HERNANDEZ in a fair and just amount sufficient to compensate him for his damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT IV**
(42 U.S.C. Sec. 1983 – Unlawful Search, Plaintiff PEREZ)

44. Each of the preceding paragraphs is incorporated as if fully restated here.

45. As described above, Defendant OFFICERS strip-searched Plaintiff PEREZ without a warrant, without probable cause, and with no other legal justification for doing so, in violation of the Fourth Amendment to the United States Constitution.

46. One or more Defendant OFFICERS was aware of the misconduct of his or her fellow police officer, had a reasonable opportunity to intervene and to prevent the damages suffered by Plaintiff PEREZ, but failed to do so.

47. As a direct and proximate result of this unlawful search, the Plaintiff PEREZ suffered damages, which will be proven at trial.

**WHEREFORE,** Plaintiff PEREZ prays for a judgment against Defendant OFFICERS in a fair and just amount sufficient to compensate him for his damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT V**
(42 U.S.C. Sec. 1983 – Conspiracy)

48. Each of the preceding paragraphs is incorporated as if fully restated here.

49. As described more fully above, the Defendant CAPTAIN and Defendant OFFICERS reached an implied or express agreement to unlawfully arrest, search and charge Plaintiffs and thereby to deprive them of their constitutional rights, all as described more fully throughout this Complaint.

50. Each of Defendant OFFICERS further conspired to cover up their fellow officers' misconduct with respect to Plaintiffs.

51. In furtherance of this conspiracy to violate Plaintiffs' constitutional rights, each of the Defendant OFFICERS committed overt acts or omissions and was an otherwise willing participant in this joint activity.

52. As a result of this conspiracy, Plaintiffs suffered damages, including the deprivation of their liberty, and pecuniary damages which will be proven at trial.

**WHEREFORE,** Plaintiffs pray for a judgment against Defendant CAPTAIN and Defendant OFFICERS in a fair and just amount sufficient to compensate Plaintiffs for their

damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and such other relief as is just and equitable.

**COUNT VI**
(Illinois False Imprisonment Claim – Plaintiff PEREZ)

53. Each of the preceding paragraphs is incorporated as if fully restated here.
54. As described above, Defendant CAPTAIN and Defendant OFFICERS unlawfully seized and detained Plaintiffs PEREZ, or caused him to be detained, without a warrant, without probable cause, and without any other legal justification.
55. Defendant CAPTAIN and Defendant OFFICERS acted willfully and wantonly, in that they intended to violate, or were recklessly indifferent to violating, Plaintiff PEREZ's rights.
56. As a direct and proximate result of Defendant CAPTAIN and Defendant OFFICERS's misconduct, Plaintiff PEREZ suffered damages, which will be proven at trial.
57. Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.
58. At all relevant times, Defendant OFFICERS were acting as agents of Defendant CITY, and were acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable as a principal for the tortious conduct of Defendant CAPTAIN and Defendant OFFICERS towards Plaintiff PEREZ.

**WHEREFORE,** Plaintiff PEREZ prays for judgment against Defendant CAPTAIN and Defendant OFFICERS and Defendant CITY in a fair and just amount that is sufficient to compensate Plaintiff PEREZ for their damages, as well as such other relief as is just and equitable.

**COUNT VII**
(Illinois False Imprisonment Claim – Plaintiff MILTON)

59. Each of the preceding paragraphs is incorporated as if fully restated here.

60. As described above, Defendant OFFICERS unlawfully seized and detained Plaintiff MILTON without a warrant, without probable cause, and without any other legal justification.

61. Defendant OFFICERS acted willfully and wantonly, in that they intended to violate, or were recklessly indifferent to violating, Plaintiff MILTON's rights.

62. As a direct and proximate result of Defendant OFFICERS's misconduct, Plaintiff MILTON suffered damages, which will be proven at trial.

63. Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

64. At all relevant times, Defendant OFFICERS were acting as agents of Defendant CITY, and were acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable as a principal for the tortious conduct of Defendant OFFICERS towards Plaintiff MILTON.

**WHEREFORE,** Plaintiff MILTON prays for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount that is sufficient to compensate Plaintiff MILTON for his damages, as well as such other relief as is just and equitable.

**COUNT VIII**
(Illinois Battery Claim-Plaintiff MILTON/Defendants FRAHM and HERNANDEZ)

65. Each of the preceding paragraphs is incorporated as if fully restated here.

66. As described above, Defendant FRAHM and HERNANDEZ willfully, and wantonly, and without legal justification, used physical force upon Plaintiff MILTON.

67. As a direct and proximate result of this intentional misconduct, Plaintiff MILTON suffered physical and emotional damages, which will be proven at trial.

68. Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

69. At all relevant times, Defendants FRAHM and HERNANDEZ were acting as agents of Defendant CITY, and was acting within the scope of their employment as a Chicago police officers. Defendant CITY, therefore, is liable as a principal for the tortious conduct of Defendant FRAHM and HERNANDEZ towards Plaintiff MILTON.

**WHEREFORE,** Plaintiff prays for judgment against Defendants FRAHM and HERNANDEZ and Defendant CITY in a fair and just amount that is sufficient to compensate the Plaintiff MILTON for his damages, as well as for such other relief as is just and equitable.

**COUNT IX**

(Illinois Malicious Prosecution Claim – Plaintiff PEREZ)

70. Each of the preceding paragraphs is incorporated as if fully restated here.

71. As more fully described in preceding paragraphs, Defendant CAPTAIN and Defendant OFFICERS willfully and wantonly initiated legal proceedings against Plaintiff PEREZ and/or caused those proceedings to continue against him, without probable cause to do so.

72. With malice, willfulness, and/or reckless indifference to Plaintiff PEREZ's rights, Defendant CAPTAIN and/or Defendant OFFICERS created false or inaccurate police reports and complaints, and/or made false statements to a prosecutor.

73. The legal proceedings against Plaintiff PEREZ were terminated in his favor, in a manner indicative of his innocence.

74. As a direct and proximate result of Defendant CAPTAIN and Defendant OFFICERS' malicious prosecution, Plaintiff PEREZ suffered financial and emotional damages as described in the preceding paragraphs, and which will be proven at trial.

75. Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

76. At all relevant times, Defendant CAPTAIN and Defendant OFFICERS were acting as agents of Defendant CITY, and were acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable as a principal for the tortious conduct of Defendant CAPTAIN and Defendant OFFICERS towards Plaintiff PEREZ.

**WHEREFORE,** Plaintiff PEREZ prays for judgment against Defendant CAPTAIN and Defendant OFFICERS and Defendant CITY in a fair and just amount that is sufficient to compensate the Plaintiff for the damages he has suffered, as well as for such other relief as is just and equitable.

**COUNT X**

(Illinois Malicious Prosecution Claim – Plaintiff MILTON)

77. Each of the preceding paragraphs is incorporated as if fully restated here.

78. As more fully described in preceding paragraphs, Defendant OFFICERS willfully and wantonly initiated legal proceedings against Plaintiff MILTON and/or caused those proceedings to continue against him, without probable cause to do so.

79. With malice, willfulness, and/or reckless indifference to Plaintiff MILTON's rights, Defendant OFFICERS created false or inaccurate police reports and complaints, and/or made false statements to a prosecutor.

80. The legal proceedings against Plaintiff MILTON were terminated in his favor, in a manner indicative of his innocence.

81. As a direct and proximate result of Defendant OFFICERS' malicious prosecution, Plaintiff MILTON suffered financial and emotional damages as described in the preceding paragraphs, and which will be proven at trial.

82. Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

83. At all relevant times, Defendant OFFICERS were acting as agents of Defendant CITY, and were acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable as a principal for the tortious conduct of Defendant OFFICERS towards Plaintiff MILTON.

**WHEREFORE,** Plaintiff MILTON prays for judgment against Defendant OFFICERS and Defendant CITY in a fair and just amount that is sufficient to compensate the Plaintiff for the damages he has suffered, as well as for such other relief as is just and equitable.

**PLAINTIFFS DEMAND TRIAL BY JURY**

Respectfully submitted,

BOBBY MILTON, Plaintiff
BENJAMIN PEREZ, Plaintiff

By: /s/ Torreya L. Hamilton
Attorney for Plaintiffs

HAMILTON LAW OFFICE, LLC
11 S. LaSalle Street, Suite 1000
Chicago, IL 60603
312.726.3171
tlh@thehamiltonlawoffice.com
Attorney No. 6229397