**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **BENJAMIN PEREZ and BOBBY MILTON,** | ) ) ) | |
| **Plaintiff,** | ) ) ) | No. 12 C 4340 |
| v. | ) ) ) | Hon. Robert M. Dow |
| **CITY OF CHICAGO, et al.,** | ) ) | Jury Demand |
| **Defendants.** | ) ) | |

**DEFENDANTS' ANSWER, AFFIRMATIVE DEFENSES
AND JURY DEMAND TO PLAINTIFFS' COMPLAINT**

Defendants CITY OF CHICAGO ("City") and DEFENDANT OFFICERS NAVARRO, CABRAL, CZUBAK, PEARSON, MALECKI, CARROLL, COLLADO, HERNANDEZ AND FRAHM, collectively referred to here as "Defendants," by one of their attorneys, Lindsay Wilson Gowin, Assistant Corporation Counsel of the City of Chicago, for their joint answer to Plaintiffs' First Amended Complaint, affirmative defenses and jury demand, state as follows:

**JURISDICTION AND VENUE**

1. This is an action brought pursuant to 42 U.S.C. Sec. 1983 to address the deprivation, under color of law, of the Plaintiffs' rights under the United States Constitution and under the common law of Illinois.

    **ANSWER:** Denied that Defendants deprived Plaintiffs of any rights. The remaining allegations contained in paragraph 1 are legal conclusions that require no response.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. Sec. 1331, 1343, and 1367.

    **ANSWER:** Admitted.

3.     Venue is proper under 28 U.S.C. Sec. 1391(b). All parties reside in this judicial district and the events pertaining to the claims made in this district occurred within this district.

    **ANSWER:**   Admitted.

## PARTIES

4.     Plaintiff Benjamin PEREZ is a 28 year-old truck driver who is employed by the City of Chicago. He resides in Chicago, Illinois.

    **ANSWER:**   Defendants lack knowledge of the allegations contained in paragraph 4.

5.     Plaintiff BOBBY MILTON is a 37 year-old hair stylist who resides in Plainfield, Illinois.

    **ANSWER:**   Defendants lack knowledge of the allegations contained in paragraph 5.

6.     At all relevant times, Defendant CAPTAIN and Defendant OFFICERS were Chicago police officers employed by the Defendant CITY, acting under color of law and within the scope of their employment.

    **ANSWER:**   Admitted.

7.     Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and at all relevant times was the employer and principal of the Defendant OFFICERS.

    **ANSWER:**   Admitted.

## FACTS

8.     In the early morning hours of August 30, 2011, Plaintiffs were outside talking with some of their friends on the 8500 block of South Chicago, in Chicago, Illinois.

    **ANSWER:**   Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8.

9. A friend of Plaintiffs drove past the group on a motorcycle, traveling in the appropriate lane of traffic, and heading southbound on South Chicago Avenue.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. At the same time, Defendant CAPTAIN was driving a marked Chicago Police Department vehicle, an SUV, northbound on South Chicago Avenue in the wrong lane of traffic, heading northbound in the southbound lane.

**ANSWER:** Defendant Captain Navarro admits that, early on August 30, 2011, he was driving a marked Chicago Police Department Chevrolet Tahoe northwest on South Chicago Avenue, and that he drove on both sides of the street. Defendant Navarro denies the remaining allegations contained in paragraph 10. Defendant Officers Cabral, Czubak, Pearson, Malecki, Carroll, Collado, Hernandez and Frahm lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Defendant CAPTAIN drove his police vehicle into Plaintiffs' friend who was traveling southbound on his motorcycle causing Plaintiffs' friend to suffer serious injury.

**ANSWER:** Defendant Navarro admits that his vehicle was involved in a collision with one of the participants in the motorcycle drag race, and that said participant was racing his motorcycle in a southeast direction. Defendant Navarro lacks knowledge as to whether that drag race participant was a friend of the Plaintiffs. Defendant Navarro lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11. Defendant Officers Cabral, Czubak, Pearson, Malecki, Carroll, Collado, Hernandez and Frahm lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11.

12. Plaintiffs and several other people witnessed the collision between Defendant CAPTAIN'S police vehicle and the motorcycle.

    **ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Numerous Chicago police officers, including Defendant OFFICERS, arrived shortly after the collision.

    **ANSWER:** Admitted.

14. Defendant OFFICERS observed Plaintiff using their cell phones to record the collision scene, and immediately took Plaintiff PEREZ's cell phone and placed handcuffs on him, taking him into custody even though PEREZ was not doing anything illegal.

    **ANSWER:** Defendants admit that Perez was handcuffed and taken into custody, but lack knowledge as to who did so. The remaining allegations of paragraph 14 are denied.

15. Defendant OFFICERS placed PEREZ in the back of a police car and demanded that PEREZ show them how to delete the photographs he had taken with his cell phone.

    **ANSWER:** Defendants admit that Perez was placed into the back seat of a police car, but lack knowledge as to who did so. Defendants deny the remaining allegations of paragraph 15.

16. After Plaintiff PEREZ was taken into custody, Plaintiff MILTON, who had also been using his cell phone to record the scene, was seated on his motorcycle, when Defendant FRAHM and HERNANDEZ approached him.

    **ANSWER:** Defendants lack knowledge as to whether Milton had been using his cell phone. Defendants Frahm and Hernandez deny all remaining allegations contained in paragraph 16. Defendant Officers Cabral, Czubak, Pearson, Malecki, Carroll, Collado, and Navarro lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in

paragraph 16.

17. Defendants FRAHM and HERNANDEZ grabbed Plaintiff MILTON, forced him off of his motorcycle and threw him to the ground.

**ANSWER:** Defendants Frahm and Hernandez deny the allegations contained in paragraph 17. Defendant Officers Cabral, Czubak, Pearson, Malecki, Carroll, Collado, and Navarro lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in of paragraph 17.

18. Defendants FRAHM and HERNANDEZ placed Plaintiff MILTON in handcuffs, and then took him to a police car as well.

**ANSWER:** Admitted as to Defendants Frahm and Hernandez. Defendant Officers Cabral, Czubak, Pearson, Malecki, Carroll, Collado, and Navarro lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Plaintiffs were both taken to the Chicago Police Department's Fourth district station.

**ANSWER:** Defendant Pearson admits that Perez was taken to the Chicago Police Department's Fourth District station, but lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 as to Plaintiff Milton. All remaining Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. While at the police station, Defendant OFFICERS demanded that Plaintiff PEREZ provide them with the password to his cell phone, so that he could delete the pictures he had taken at the scene of the collision.

**ANSWER:** Denied.

21. Defendant OFFICERS told Plaintiff PEREZ that if he did not give them the password to his phone, he would be charged with a felony offense.

    **ANSWER:**   Denied.

22. Plaintiff PEREZ gave him the password, and Defendant OFFICERS then deleted the pictures of the scene of the collision from Plaintiff PEREZ'S cell phone.

    **ANSWER:**   Denied.

23. While at the station, Defendant OFFICERS also strip searched Plaintiff PEREZ, in an apparent effort to see if he had any other cameras or recording devices on his person.

    **ANSWER:**   Denied.

24. Defendant OFFICERS also demanded that Plaintiff MILTON give them the password for his cellular telephone.

    **ANSWER:**   Denied.

25. However, Plaintiff MILTON refused to do so.

    **ANSWER:**   Denied.

26. Defendant OFFICERS tried, unsuccessfully, to delete a video recording that Plaintiff MILTON had made at the scene of the collision.

    **ANSWER:**   Denied.

27. Defendant CAPTAIN signed a misdemeanor complaint falsely accusing Plaintiff PEREZ of committing the offense of simple assault upon him.

    **ANSWER:**   Defendant Navarro admits to signing a complaint accusing Perez of

committing the offense of simple assault upon him, but denies that the complaint was in any way

false. All other Defendant Officers lack knowledge or information sufficient to form a belief as

to the truth of the allegations contained in paragraph 27.

28. Defendant FRAHM signed two misdemeanor complaints against Plaintiff MILTON, falsely accusing him of the crimes of simple battery and resisting arrest.

   **ANSWER:** Defendant Frahm admits to signing complaints accusing Milton of simple battery and resisting arrest, but denies that the complaints were in any way false. All other Defendant Officers lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

29. Defendant OFFICERS also wrote false police reports concerning the circumstances of Plaintiffs' arrests.

   **ANSWER:** Denied.

30. Plaintiffs were released from custody the next day after spending several hours in custody.

   **ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Plaintiffs had to hire a criminal defense attorney to represent them in the criminal case that resulted from the false charges placed against them by Defendant CAPTAIN and DEFENDANT OFFICERS.

   **ANSWER:** Defendants Navarro and Frahm deny that the charges were false, and Defendants Hernandez, Cabral, Czubak, Pearson, Malecki, Carroll, and Collado deny that they placed charges against Plaintiffs. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 31.

32. Plaintiffs both had to stand trial on the false charges Defendant CAPTAIN and Defendant OFFICERS placed against them, and they were both acquitted on all charges.

   **ANSWER:** Defendants Frahm and Navarro admit that both Plaintiffs stood trial and

were acquitted, but deny that the charges were false. The remaining Defendants deny that they placed any charges against Plaintiffs, and lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 32.

## COUNT I
(42U.S.C. Sec. 1983 -Unlawful Seizure/False Arrest, Plaintiff PEREZ)

33. Each of the preceding paragraphs is incorporated as if fully restated here.

   **ANSWER:** Defendants' answers to each of the preceding paragraphs are incorporated as if fully restated here.

34. As described above, Defendant CAPTAIN and Defendant OFFICERS either arrested Plaintiff PEREZ, or caused him to be arrested without a warrant, without probable cause, and without any other legal justification. Defendant CAPTAIN and Defendant OFFICERS' actions were objectively in this regard were unreasonable and in violation of the Fourth Amendment to the United States Constitution.

   **ANSWER:** Denied.

35. One or more of the Individual Defendants were aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent their misconduct and the damages suffered by Plaintiff PEREZ, but failed to do so.

   **ANSWER:** Denied.

36. As a direct and proximate result of the unlawful seizure of Plaintiff PEREZ, he suffered damages which will be proven at trial.

   **ANSWER:** Denied.

## COUNT II
(42U.S.C. Sec. 1983 -Unlawful Seizure/False Arrest, Plaintiff MILTON)

37. Each of the preceding paragraphs is incorporated as if fully restated here.

**ANSWER:** Defendants' answers to each of the preceding paragraphs are incorporated as if fully restated here.

38. As described above, Defendant OFFICERS arrested Plaintiff MILTON without a warrant, without probable cause, and without any other legal justification Defendant OFFICERS' actions in this regard were objectively unreasonable and in violation of the Fourth Amendment to the United States Constitution.

    **ANSWER:** Denied.

39. One or more Defendant OFFICERS were aware of the misconduct of his or her fellow police officers, had a reasonable opportunity to intervene to prevent their misconduct and the damages suffered by Plaintiff MILTON, but failed to do so.

    **ANSWER:** Denied.

40. As a direct and proximate result of the unlawful seizure of Plaintiff MILTON, he suffered damages, which will be proven at trial.

    **ANSWER:** Denied.

### COUNT III
(42U.S.C. Sec. 1983 - Excessive force - Plaintiff MILTON)

41. Each of the preceding paragraphs is incorporated as if fully restated here.

    **ANSWER:** Defendants' answers to each of the preceding paragraphs are incorporated as if fully restated here.

42. As described above, the intentional conduct of the Defendants FRAHM and HERNANDEZ toward Plaintiff MILTON was objectively unreasonable under the circumstances, and constituted excessive force in violation of the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

    **ANSWER:** Denied.

43. As a direct and proximate result of Defendants FRAHM and HERNANDEZ excessive use of force, the Plaintiff MILTON suffered damages, which will be proven at trial.

**ANSWER:** Denied.

## COUNT IV
(42 U.S.C. Sec. 1983 - Unlawful Search Plaintiff PEREZ)

44. Each of the preceding paragraphs is incorporated as if fully restated here.

    **ANSWER:** Defendants' answers to each of the preceding paragraphs are incorporated as if fully restated here.

45. As described above, Defendant OFFICERS strip-searched Plaintiff PEREZ without a warrant, without probable cause, and with no other legal justification for doing so, violating of the Fourth Amendment to the United States Constitution.

    **ANSWER:** Denied.

46. One or more Defendant OFFICERS was aware of the misconduct of his or her fellow police officer, had a reasonable opportunity to intervene and to prevent the damages suffered by Plaintiff PEREZ, but failed to do so.

    **ANSWER:** Denied.

47. As a direct and proximate result of this unlawful search, the Plaintiff PEREZ suffered damages, which will be proven at trial.

    **ANSWER:** Denied.

## COUNT V
(42 U.S.C. Sec. 1983 - Conspiracy)

48. Each of the preceding paragraphs is incorporated as if fully restated here.

    **ANSWER:** Defendants' answers to each of the preceding paragraphs are incorporated as if fully restated here.

49. As described more fully above, the Defendant CAPTAIN and Defendant OFFICERS reached an implied or express agreement to unlawfully arrest, search and charge Plaintiffs and thereby to deprive them of their constitutional rights, all as described more fully throughout this Complaint.


**ANSWER:** Denied.

50. Each of Defendant OFFICERS further conspired to cover up their fellow officers' misconduct with respect to Plaintiffs.

   **ANSWER:** Denied.

51. In furtherance of this conspiracy to violate Plaintiffs' constitutional rights, each of the Defendant OFFICERS committed overt acts or omissions and was an otherwise willing participant in this joint activity.

   **ANSWER:** Denied.

52. As a result of this conspiracy, Plaintiffs suffered damages, including the deprivation of their liberty, and pecuniary damages which will be proven at trial.

   **ANSWER:** Denied.

### COUNT VI
(Illinois False Imprisonment Claim – Plaintiff PEREZ)

53. Each of the preceding paragraphs is incorporated as if fully restated here.

   **ANSWER:** Defendants' answers to each of the preceding paragraphs are incorporated as if fully restated here.

54. As described above, Defendant CAPTAIN and Defendant OFFICERS unlawfully seized and detained Plaintiffs PEREZ, or caused him to be detained, without a warrant, without probable cause, and without any other legal justification.

   **ANSWER:** Denied.

55. Defendant CAPTAIN and Defendant OFFICERS acted willfully and wantonly in that they intended to violate, or were recklessly indifferent to violating, Plaintiff PEREZ's rights.

**ANSWER:** Denied.

56. As a direct and proximate result of Defendant CAPTAIN and Defendant OFFICERS' misconduct, Plaintiff PEREZ suffered damages, which will be proven at trial.

    **ANSWER:** Denied.

57. Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

    **ANSWER:** Denied, paragraph 57 misstates duties imposed by law.

58. At all relevant times, Defendant OFFICERS were acting as agents of Defendant CITY, and were acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable as a principal for the tortious conduct of Defendant CAPTAIN and Defendant OFFICERS towards Plaintiff PEREZ.

**ANSWER:** Defendants Navarro, Cabral, Czubak, Pearson, Malecki, Carrol, Collado, Hernandez and Frahm admit that they were acting within the scope of their employment as Chicago police officers at all relevant times. Defendants deny that they were engaged in any tortious conduct. Defendants state that the remaining allegations of this paragraph contain a vague, incomplete, and/or incorrect statement of Illinois law, and are therefore denied.

## COUNT VII

(Illinois False Imprisonment Claim – Plaintiff MILTON)

59. Each of the preceding paragraphs is incorporated as if fully restated here.

    **ANSWER:** Defendants' answers to each of the preceding paragraphs are incorporated as if fully restated here.

60. As described above, Defendant OFFICERS unlawfully seized and detained Plaintiff MILTON without a warrant without probable cause, and without any other legal justification.

    **ANSWER:** Denied.

61. Defendant OFFICERS acted willfully and wantonly, in that they intended to violate, or were recklessly indifferent to violating, Plaintiff MILTON's rights.

    **ANSWER:** Denied.

62. As a direct and proximate result of Defendant OFFICERS's misconduct, Plaintiff MILTON suffered damages which will be proven at trial.

    **ANSWER:** Denied.

63. Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

    **ANSWER:** Denied, paragraph 63 misstates duties imposed by law.

64. At all relevant times, Defendant OFFICERS were acting as agents of Defendant CITY, and were acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable as a principal for the tortious conduct of Defendant OFFICERS towards Plaintiff MILTON.

    **ANSWER:** Defendants Navarro, Cabral, Czubak, Pearson, Malecki, Carrol, Collado, Hernandez and Frahm admit that they were acting within the scope of their employment as Chicago police officers at all relevant times. Defendants Navarro, Cabral, Czubak, Pearson, Malecki, Carrol, Collado, Hernandez and Frahm deny that they engaged in any tortious conduct. Defendants state that the remaining allegations of this paragraph contain a vague, incomplete, and/or incorrect statement of Illinois law, and are therefore denied.

## COUNT VIII
(Illinois Battery Claim -Plaintiff MILTON/Defendants FRAHM and HERNANDEZ)

65. Each of the preceding paragraphs is incorporated as if fully restated here.

    **ANSWER:** Defendants' answers to each of the preceding paragraphs are incorporated as if fully restated here.

66. As described above, Defendant FRAHM and HERNANDEZ willfully and wantonly, and without legal justification, used physical force upon Plaintiff MILTON.

    **ANSWER:** Denied.

67. As a direct and proximate result of this intentional misconduct, Plaintiff MILTON suffered physical and emotional damages, which will be proven at trial.

    **ANSWER:** Denied.

68. Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

    **ANSWER:** Denied, paragraph 68 misstates duties imposed by law.

69. At all relevant times, Defendants FRAHM and HERNANDEZ were acting as agents of Defendant CITY, and was acting within the scope of their employment as a Chicago police officers. Defendant CITY, therefore, is liable as a principal for the tortious conduct of Defendant FRAHM and HERNANDEZ towards Plaintiff MILTON.

    **ANSWER:** Defendants Hernandez and Frahm admit that they were acting within the scope of their employment as Chicago police officers at all relevant times. Defendants Hernandez and Frahm deny that they were engaged in any tortious conduct. Defendants state

-14-

that the remaining allegations of this paragraph contain a vague, incomplete, and/or incorrect statement of Illinois law, and are therefore denied.

## COUNT IX

(Illinois Malicious Prosecution Claim – Plaintiff PEREZ)

70. Each of the preceding paragraphs is incorporated as if fully restated here.

    **ANSWER:** Defendants' answers to each of the preceding paragraphs are incorporated as if fully restated here.

71. As more fully described in preceding paragraphs, Defendant CAPTAIN and Defendant OFFICERS willfully, and wantonly initiated legal proceedings against Plaintiff PEREZ and/or caused those proceedings to continue against him without probable cause to do so.

    **ANSWER:** Denied.

72. With malice, willfulness, and/or reckless indifference to Plaintiff PEREZ's rights, Defendant CAPTAIN and/or Defendant OFFICERS created false or inaccurate police reports and complaints and/or made false statements to a prosecutor.

    **ANSWER:** Denied.

73. The legal proceedings against Plaintiff PEREZ were terminated in his favor, in a manner indicative of his innocence.

    **ANSWER:** Defendants lack knowledge as to the allegations in Paragraph 73.

74. As a direct and proximate result of Defendant CAPTAIN and Defendant OFFICERS' malicious prosecution, Plaintiff PEREZ suffered financial and emotional damages as described in the preceding paragraphs, and which will be proven at trial.

    **ANSWER:** Denied.

75. Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

    **ANSWER:**   Denied, paragraph 75 misstates duties imposed by law.

76.    At all relevant times, Defendant CAPTAIN and Defendant OFFICERS were acting as agents of Defendant CITY, and were acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable as a principal for the tortious conduct of Defendant CAPTAIN and Defendant OFFICERS towards Plaintiff PEREZ.

    **ANSWER:**   Defendants Navarro, Cabral, Czubak, Pearson, Malecki, Carrol, Collado, Hernandez and Frahm admit that they were acting within the scope of their employment as Chicago police officers at all relevant times. Defendants Navarro, Cabral, Czubak, Pearson, Malecki, Carrol, Collado, Hernandez and Frahm deny that engaged in any tortious conduct. Defendants state that the remaining allegations of this paragraph contain a vague, incomplete, and/or incorrect statement of Illinois law, and are therefore denied.

**COUNT X**
(Illinois Malicious Prosecution Claim - Plaintiff MILTON)

77.    Each of the preceding paragraphs is incorporated as if fully restated here.

    **ANSWER:**   Defendants' answers to each of the preceding paragraphs are incorporated as if fully restated here.

78.    As more fully described in preceding paragraphs, Defendant OFFICERS willfully and wantonly initiated legal proceedings against Plaintiff MILTON and/or caused those proceedings to continue against him without probable cause to do so.

    **ANSWER:**   Denied.

79.    With malice, willfulness, and/or reckless indifference to Plaintiff MILTON's rights, Defendant OFFICERS created false or inaccurate police reports and complaints, and/or made false statements to a prosecutor.

    **ANSWER:**   Denied.

80.     The legal proceedings against Plaintiff MILTON were terminated in his favor, in a manner indicative of his innocence.

    **ANSWER:**    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80.

81.     As a direct and proximate result of Defendant OFFICERS' malicious prosecution, Plaintiff MILTON suffered financial and emotional damages as described in the preceding paragraphs and which will be proven at trial.

    **ANSWER:**    Denied.

82.     Illinois law provides that public entities, such as Defendant CITY, are required to pay any compensatory damages on a tort judgment against an employee who was acting within the scope of his or her employment.

    **ANSWER:**    Denied, paragraph 82 misstates duties imposed by law.

83.     At all relevant times, Defendant OFFICERS were acting as agents of Defendant CITY, and were acting within the scope of their employment as Chicago police officers. Defendant CITY, therefore, is liable as a principal for the tortious conduct of Defendant OFFICERS towards Plaintiff MILTON.

    **ANSWER:**    Defendants Navarro, Cabral, Czubak, Pearson, Malecki, Carrol, Collado, Hernandez and Frahm admit that they were acting within the scope of their employment as Chicago police officers at all relevant times. Defendants Navarro, Cabral, Czubak, Pearson, Malecki, Carrol, Collado, Hernandez and Frahm deny that they were engaged in any tortious conduct. Defendants state that the remaining allegations of this paragraph contain a vague, incomplete, and/or incorrect statement of Illinois law, and are therefore denied.

**AFFIRMATIVE DEFENSES**

1. Under the Illinois Tort Immunity Act, Defendant City of Chicago is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it, whether to the injured party or to a third party. 745 ILCS 10/2-102.

2. Defendant City of Chicago is not liable to Plaintiffs if its employees or agents are not liable to Plaintiffs. 745 ILCS 10/2-109.

3. Under *Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658 (1978), Defendant City of Chicago is not vicariously liable under Section 1983 for its employees' misconduct.

4. To the extent any employee or agent of Defendant City of Chicago was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful or wanton conduct. 745 ILCS 10/2-202 (2006).

5. Defendant City of Chicago is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-102 (2006).

6. To the extent any injuries or damages claimed by Plaintiffs were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiffs, any verdict or judgment obtained by Plaintiffs must be reduced by an amount commensurate with the degree of fault attributed to Plaintiffs by the jury in this case.

7. The defendant police officers are entitled to qualified immunity.

8. Defendant City of Chicago is not liable for any claims for which the defendant police officers are immune from liability. 745 ILCS 10/2-201.

## CONCLUSION

WHEREFORE, Defendants City of Chicago and Defendant Officers Navarro, Cabral, Czubak, Pearson, Malecki, Carrol, Collado, Hernandez and Frahm respectfully request that judgment be entered in their respective favors and against all plaintiffs in this matter, including for costs of defending this suit, and any other relief this Court deems necessary and proper.

## JURY DEMAND

Defendants request trial by jury.

**DATED: JULY 30, 2012**                                    Respectfully submitted,

By: /s/ Lindsay Wilson Gowin

Lindsay Wilson Gowin (ARDC No. 6284270)
City of Chicago – Federal Civil Right Litigation
30 North LaSalle Street, Suite 900
Chicago, Illinois 60602
(312) 742-6423

**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| BENJAMIN PEREZ, et al., | ) | |
| | ) | No. 12 C 4340 |
| Plaintiff, | ) | |
| | ) | Judge Robert M. Dow |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | Jury Demand |
| Defendants. | ) | |

**NOTICE OF FILING AND CERTIFICATE OF SERVICE**

TO:    Torreya L. Hamilton
HAMILTON LAW OFFICE, LLC
11 S. LaSalle Street, Suite 1000
Chicago, Illinois 60603

    **PLEASE TAKE NOTICE** that on this 30th day of July 2012, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANTS' ANSWER, DEFENSES AND JURY DEMAND**, a copy of which is herewith served upon you.

    I hereby certify that I have served this notice and the attached document by causing it to be delivered by electronic means in compliance with Local Rule 5.9 to the person named above at the address shown this 30th day of July 2012.

    /s/ Lindsay Wilson Gowin